[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12977
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00123-CEH-MAP-2


UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ENESHIA CARLYLE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(October 18, 2017)

Before MARCUS, JORDAN, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Eneshia Carlyle appeals the forfeiture money judgment entered against her on the ground that she cannot be held jointly and severally liable for the entire amount of proceeds from a wire-fraud scheme, and that even if she could be held jointly and severally liable, the forfeiture money judgment violates the Excessive Fines Clause of the Eighth Amendment.

While Defendant's appeal was pending in our Court, the Supreme Court decided *Honeycutt v. United States*, 137 S. Ct. 1626 (2017). Addressing a forfeiture statute related to drug crimes, the Supreme Court rejected joint and several liability, holding that a coconspirator-defendant can be liable only for the property he acquired from the criminal activity. 137 S. Ct. at 1635. Given that decision and the Government's concession that the district court erred by holding Defendant jointly and severally liable for the entire amount of the wire-fraud proceeds, we vacate the forfeiture money judgment entered by the district court and remand for that court to reconsider its forfeiture ruling in light of *Honeycutt*.

## I.    BACKGROUND

Defendant and her husband, James Cobb, were indicted for one count of conspiracy to commit mail and wire fraud, four counts of wire fraud, and four counts of aggravated identity theft. These counts arose out of a scheme in which the couple used stolen identities to file fraudulent tax returns and receive the tax refunds for their personal benefit. Defendant signed a plea agreement in which she

2

pled guilty to one count each of wire fraud and aggravated identity theft, though she did not plead guilty to the conspiracy charge.  The agreement included a provision that Defendant agreed to a forfeiture money judgment of "not less than $610,000.00, representing the amount of proceeds obtained as a result of the scheme."[1]  Defendant also agreed to waive any challenges to the forfeiture, including that the forfeiture constituted an excessive fine.  The district court accepted Defendant's guilty pleas and adjudged her guilty of both counts.

The Government filed a motion for a forfeiture money judgment against Defendant, arguing that it was entitled to "$1,820,759.00, representing the proceeds obtained as a result of the wire fraud scheme to which she pled guilty." The Government stated that Defendant would be held jointly and severally liable with Cobb for the full amount of the judgment.  Defendant made several objections to the Government's motion, including that she had only agreed to a forfeiture money judgment amount of $610,000, and that the amount the Government was seeking violated the Eighth Amendment's Excessive Fines Clause because it was grossly disproportionate to her offenses and the amount contemplated in the plea agreement.

The district court found that "at least $1,820,759.00 in proceeds was obtained from the wire fraud scheme to which [Defendant] pled guilty," and,

---

[1]  At the time Defendant signed the agreement, the Government knew the scheme had brought in at least $610,000, but did not yet know the full amount of the proceeds of the scheme.

holding Defendant jointly and severally liable with Cobb, granted the Government's motion for a forfeiture money judgment in the greater amount.[2] Defendant was also sentenced to 138 months' imprisonment and 3 years' supervised release.

After filing a notice of appeal of the conviction, forfeiture order, and sentence, Defendant's appointed counsel filed a motion to withdraw as counsel and submitted an accompanying brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), arguing that there were no issues of arguable merit for appeal. This Court denied counsel's *Anders* motion and ordered further briefing as to whether the forfeiture money judgment violated the Eighth Amendment's Excessive Fines Clause.

## II.    DISCUSSION

Whether a forfeiture order is excessive under the Eighth Amendment is an issue we review *de novo*. *United States v. Seher*, 562 F.3d 1344, 1370 (11th Cir. 2009). Forfeiture orders imposed at the end of a criminal proceeding solely because of a conviction are considered fines subject to the Eighth Amendment's

---

[2]  In Cobb's appeal, this Court affirmed the district court's finding that the amount paid out by the IRS was $1,820,759. *United States v. Cobb*, 842 F.3d 1213, 1220–21 (11th Cir. 2016). Defendant notes in her reply brief that she accordingly abandons her challenges to the factual basis for calculating $1,820,759 as the overall loss calculation of the scheme.

prohibition of excessive fines.[3]  *Id.* at 1371.  "A forfeiture order violates the Excessive Fines Clause if it 'is grossly disproportional to the gravity of a defendant's offense.'"  *Id.* (quoting *United States v. Bajakajian*, 524 U.S. 321, 337 (1998)).  Whether a particular forfeiture is "grossly disproportional" is determined through looking principally at three factors:  "(1) whether the defendant falls into the class of persons at whom the criminal statute was principally directed; (2) other penalties authorized by the legislature (or the Sentencing Commission); and (3) the harm caused by the defendant."  *Id.* (quoting *U.S. v. Browne*, 505 F.3d 1229, 1281 (2007)).  The impact of the fine on the individual defendant is not considered, and it is strongly presumed that the forfeiture is constitutional if the forfeiture amount is within the rage of fines prescribed by Congress.  *Id.*

The constitutionality of the particular forfeiture amount is not our immediate concern, however.  Instead, we focus on whether the forfeiture imposed by the district court complied with the appropriate statutory authority.  Defendant contends that the district court erred in holding her jointly and severally liable with Cobb.  Before the district court, Defendant argued that she played a lesser role in the offense than did her husband and that she had only agreed to a forfeiture amount of $610,000 in her plea agreement.

---

[3]  "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. CONST. amend. VIII.

Since the filing of Defendant's reply brief, the Supreme Court issued its decision in *Honeycutt,* and Defendant has filed supplemental authority, relying on that decision to support her argument that the district court erred in applying joint and several liability as to the forfeiture imposed.[4] In *Honeycutt*, the Supreme Court concluded that the statutory language of 21 U.S.C. § 853—which addresses forfeiture in the context of drug crimes—limits forfeiture under that provision to property the defendant himself actually acquired as a result of the crime, and so a defendant who did not receive any of the proceeds of the crime cannot be subject to joint and several liability on the entire forfeiture amount. *Honeycutt*, 137 S. Ct. at 1630, 1635. Defendant argues that the same reasoning applies here, and because she did not plead guilty to the conspiracy, she should only be liable for the $610,000 she admitted to receiving rather than the full proceeds of the conspiracy.

Citing *Honeycutt,* the Government now likewise concedes that Defendant cannot be held jointly and severally liable for the entire amount of proceeds from the wire-fraud scheme simply because she was a coconspirator. The Government therefore asks us to vacate the forfeiture money judgment and remand to the district court to make factual findings regarding the amount of proceeds directly obtained by Defendant.

---

[4] Defendant also argued in her brief that the cases the Government relied on in support of joint and several liability are inapposite.

6

Although the forfeiture statute at issue in *Honeycutt*, 21 U.S.C. § 853, is not the same forfeiture statute at issue here, 18 U.S.C. § 981(a)(1)(C), the two statutes are largely the same in terms of their pertinent language, and so it appears that the Supreme Court's decision would apply to the statute at issue in the present case. *Compare* 21 U.S.C. § 853(a)(1) ("Any person convicted of a violation . . . shall forfeit . . . any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation.") *with* 18 U.S.C. § 981(a)(1)(C) ("The following property is subject to forfeiture to the United States . . . Any property, real or person, which constitutes or is derived from proceeds traceable to a violation."). Indeed, the Third Circuit has so held. *See United States v. Gjeli*, 867 F.3d 418, 427–28 & n.16 (3d Cir. 2017) (concluding that *Honeycutt* applies with equal force to a forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C), and remanding to the district court to reconsider its forfeiture ruling).

At any rate, given the *Honeycutt* decision and its likely applicability to the statute at issue here, we vacate the forfeiture judgment as to Defendant and remand to the district court to determine in the first instance the applicability of *Honeycutt* to the present case and to conduct any fact-finding necessary to determine the appropriate amount of monetary forfeiture to be imposed on Defendant.

**VACATED AND REMANDED.**